# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

OSOHADA T. ALLEN,

        Petitioner,

v.

SOUTHERN STATE CORRECTIONAL FACILITY, et al.,

        Respondents.

Civil Action No. 13-3387 (JAP)

**OPINION**

RECEIVED
NOV - 6 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

**APPEARANCES:**

Petitioner pro se
Osohada T. Allen
706349/185458A
SCCF
4295 Rt. 47
Compound A 1-R
Delmont, NJ 08314

<u>**PISANO**</u>, **District Judge**:

This matter is before the court on Petitioner's submission of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a request to proceed *in forma pauperis*. This Court previously granted Petitioner's application to proceed *in forma pauperis* and issued notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Petitioner responded stating that the Petition should be ruled upon as filed.

For the reasons discussed below, the Petition will be denied. Further, Petitioner has filed a letter, styled as motion, in which he requests certain documents from Respondents. To the extent that Petitioner seeks for this court to compel the production of documents, that request is denied.

I. BACKGROUND

Petitioner is an inmate currently confined at Southern State Correctional Facility in Delmont, New Jersey. Petitioner asserts that on July 27, 2011 he "plead guilty to certain charges" in Middlesex County Court but did not "plead guilty to any extended term of incarceration." Dkt. entry no. 1, page 2 of 5. Petitioner states that "[t]here was never any motion set forth by the prosecution before the court, which is mandatory by Constitutional Law for any extended term to be imposed on Plaintiff/Petitioner Allen." *Id.* He was sentenced on September 6, 2011 to a twelve year term for a "second degree eluding charge." *Id.* The Supreme Court of New Jersey denied certification on March 13, 2013.[1] *Id.* Petitioner provides no further facts or grounds upon which he bases his Petition.

Petitioner later filed a "Motion for Order Compelling Disclosure/Discovery" in which he seeks to compel Respondents to provide certain documents related to the arguments that Petitioner wishes to set before this Court. Dkt. entry no. 2.

II. DISCUSSION

A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Habeas Rule 4 requires a judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and

---

[1] To the extent that Petitioner's claims may be unexhausted, this Court will deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

2

any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. Dismissal without the filing of an answer or the state court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). *See also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

B. Analysis

An application for a writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws or treaties of the United States. *See Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983). Petitioner here presents only one claim, his claim concerning an extended term sentence. A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." *See Grecco v. O'Lone*, 661 F.Supp 408, 415 (D.N.J. 1987) (citation omitted). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. *See Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984). *See also* 28 U.S.C. § 2254(a).

From the limited facts presented before this Court, this claim for habeas relief with respect to Petitioner's sentence will be denied because Petitioner does not raise any valid constitutional claims and has not provided this Court with any justification to grant habeas relief.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court denies the Petition for a Writ of Habeas Corpus. A certificate of appealability shall not issue.

Hon. Joel A. Pisano, U.S.D.J.

DATED: November 5, 2013