UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSOHADA T. ALLEN, | : | |
| | : | Civil Action No. 13-3387 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SOUTHERN STATE CORRECTIONAL FACILITY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Osohada T. Allen, Petitioner *pro se*
706349/185458A
SCCF
4295 Rt. 47
Compound A 1-R
Delmont, NJ 08314

**JOEL A. PISANO, U.S.D.J.**

 I.  INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before the Court is Petitioner's motion for reconsideration (Dkt. No. 10) of this Court's November 6, 2013 Opinion and Order (Dkt. Nos. 8 and 9) to deny the petition.  The Clerk will be ordered to reopen this matter so that the Court may rule on the motion.  For the following reasons, Petitioner's motion for reconsideration will be denied.

 II.  BACKGROUND

In his petition, Petitioner asserted that on July 27, 2011 he "plead guilty to certain charges" in Middlesex County Court but did not "plead guilty to any extended term of incarceration."

(Dkt. No. 1, page 2 of 5.)  Petitioner stated that "[t]here was never any motion set forth by the prosecution before the court, which is mandatory by Constitutional Law for any extended term to be imposed on Plaintiff/Petitioner Allen."  *Id*.  He was sentenced on September 6, 2011 to a twelve year term for a "second degree eluding charge."  *Id.*

His claim for habeas relief with respect to his sentence was denied because Petitioner did not raise any valid constitutional claims and did not provide the Court with any justification to grant habeas relief.  Petitioner's request to compel the production of documents (Dkt. No. 2) was denied.  Petitioner has now filed a motion for reconsideration (Dkt. No. 10) in which he asks that the Court reinstate his petition so that he may continue challenging his sentence.  In his brief (Dkt. No. 11) filed in support of the motion, Petitioner requests as relief that this Court modify his state court sentence.

**III.   DISCUSSION**

Plaintiff seeks reconsideration of this Court's November 6, 2013 decision.  Motions for reconsideration are recognized under Local Civil Rule 7.1(i), which permits parties to seek reconsideration by the Court on matters "which [it] believes the Court has overlooked" in ruling. L.Civ.R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996).  "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be subject of a motion for reconsideration."  *Leja v. Schmidt Mfg.*, 743 F.Supp.2d 444, 456 (D.N.J. 2010) (citation omitted).  "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly."

*United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing *Maldonado v. Lucca*, 636 F.Supp. 624, 630 (D.N.J. 1986). The scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

Thus, a movant seeking reconsideration must show: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The moving party seeking reconsideration may not "relitigate old matters" or "raise argument [,] or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (citations omitted).

Within this framework, the Court finds that reconsideration of its prior ruling is not warranted. Petitioner has not demonstrated that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, nor has Petitioner presented the Court with changes in controlling law, newly discovered evidence, or a clear error of fact or law. Instead, Petitioner's motion appears to be an attempt to relitigate the issue presented in his initial petition, which was denied by this Court, by requesting that this Court issue an order to modify his state court sentence. Simply because Petitioner disagrees with the Court's prior Opinion that his petition did not raise any valid constitutional claims does not present grounds to warrant reconsideration.

Accordingly, Petitioner's motion for reconsideration will be denied. To the extent that Petitioner seeks an order for production of documents, that request is denied.

### IV. CERTIFICATE OF APPEALABILITY

In conjunction with the foregoing, the Court is obligated to determine whether a certificate of appealability shall issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

### V. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

DATED:      March 14, 2014